## William Herr v. William R. Henriksen et al.

## Holmes Disappearing Bed Company, Appellee, v. William R. Henriksen et al., on appeal of William R. Henriksen, Appellant.

### Gen. No. 19,848.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed October 8, 1914.

### Statement of the Case.

Action by William Herr against William R. Henriksen and others to foreclose a mechanic's lien on real estate belonging to Henriksen. After the issues of the original bill had been referred to a master the Holmes Disappearing Bed Company, a corporation, which was one of the parties defendant to the original bill, filed its answer in the nature of an intervening petition to foreclose a lien claim of its own against the certain buildings involved in the original proceeding. Subsequently the claims of Herr were settled, the original bill dismissed and Herr's lien discharged without prejudice to the Holmes Disappearing Bed Company, leaving the issues in the case solely between the company and the remaining defendants.

The intervening petition filed by the Holmes Disappearing Bed Company set out the fact of the ownership of the buildings in Henriksen, and stated that said Henriksen requested petitioner to furnish and deliver at said premises, for use therein, four disappearing beds and four bookcases and writing desks combined, for each of the buildings, and that there was a written contract evidencing the agreement between the parties. The master reported a finding that Henriksen was indebted to petitioner in the sum of $588 with interest, and that he was entitled to a lien therefor. Upon the report of the master, the court, without hearing any other evidence, entered a decree confirming and ap-

proving the master's report and declaring petitioner entitled to a lien. To reverse the decree, the defendant Henriksen appeals.

Appellant urged as ground for reversal that there was no evidence in the record to show that the articles furnished were in any wise attached to the buildings or in any wise became fixtures either by actual attachment or by adoption and use.

AARON R. EPPSTEIN, for appellant.

ROBERT W. DUNN, for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

1. MECHANICS' LIENS, § 196*—*when decree not sustained by the evidence.* In a suit to enforce a mechanic's lien against buildings for disappearing beds, bookcases, etc., *held* that a decree awarding a lien could not be sustained for the reason that there was no evidence in the record to show that articles furnished were so attached to the buildings or the improvement as to become a part of the real estate.

2. MECHANICS' LIENS, § 23*—*when articles furnished belong to classification under section 1 of Mechanics' Lien Act.* Articles furnished such as folding beds and combination bookcases and writing desks, *held* not classed as "materials" within the meaning of section 7 of Mechanic's Lien Act, J. & A. ¶ 7139, but rather to come within the provisions of section 1 of such Act, J. & A. ¶ 7145, which, under certain conditions, provides a lien for fixtures, machinery, apparatus, etc.

---

### John F. Devine, Administrator, Defendant in Error, v. Andrew Bickel, Plaintiff in Error.

### Gen. No. 19,292.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 8, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.